UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ryan Eric Jacob Kennedy,  #149113,<br><br>                                Plaintiff,<br><br>     v.<br><br>Tom Fox; Debra Hipp; Margaret Gustwaite; Jeanne Robertson; and Yolanda Brown,<br><br>                               Defendants. | C/A No. 3:04-22945-GRA-JRM<br><br><br>ORDER<br>(Written Opinion) |

      This matter is before the Court for a review of the magistrate's Report and Recommendation filed on October 3, 2005, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiff filed this action seeking relief pursuant to 42 U.S.C. § 1983 on November 19, 2004.  On March 22, 2005, Defendants filed a motion for summary judgment.  Plaintiff, because he is proceeding *pro se*, was advised on March 25, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint.  Plaintiff filed a response on April 12, 2005.

      The magistrate's Report and Recommendation was filed on October 3, 2005. The report was mailed to Plaintiff at the J. Reuben Long Detention Center the following day, October 4, 2005.  On October 11, 2005, Plaintiff's mail was returned as undeliverable.  The record reveals that Plaintiff was advised by Order dated November

1

23, 2004, of his responsibility to notify the Court in writing if his address changed and that "failure to do so will not be excused by the Court."  Plaintiff has failed to keep the Court advised of his whereabouts.

In the magistrate's Report and Recommendation, the magistrate recommends granting Defendants' motion for summary judgment.  For the reasons stated herein, the recommendation of the magistrate is adopted, Defendants' motion for summary judgment is GRANTED, and Plaintiff's case is DISMISSED.

Plaintiff brings this action *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*.

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff has not filed objections to the Report and Recommendation.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment be GRANTED and this action be DISMISSED.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　G. ROSS ANDERSON, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

October   27  , 2005.

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.